Nicole Fulladosa
1424 BERKELEY ST.
SANTA MONICA, CA 90404
310.924.0395

**FEDERAL CIVIL RIGHTS COMPLAINT**

**(INJUNCTIVE & DECLARATORY RELIEF ONLY)**

FILED

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

BY: _____

CV26-544. DOC (SSC)

NICOLE FULLADOSA,

as Next Friend of

VICTOR J. FULLADOSA,

Plaintiff,

v.

COUNTY OF LOS ANGELES;

ROBERT G. LUNA, Sheriff of Los Angeles County, in his official capacity;

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT;

LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH;

LOS ANGELES COUNTY JAIL MEDICAL SERVICES;

and DOES 1–25,

Defendants.

Case No.: _____

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

I. INTRODUCTION

This is a civil rights action brought to stop the ongoing unconstitutional confinement of a

mentally incompetent, suicidal, and psychotic individual in a county jail, where he is being

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Los Angeles County, California.

III. PARTIES

Plaintiff

4. Victor J. Fulladosa is a pretrial detainee currently confined in the Los Angeles County Jail. He suffers from schizophrenia and has been adjudicated incompetent to stand trial.

5. Nicole Fulladosa, Victor's sister, brings this action as Next Friend pursuant to Federal Rule of Civil Procedure 17(c) because Victor is mentally incompetent and unable to litigate on his own behalf.

Defendants

6. Defendant County of Los Angeles is a municipal entity responsible for the operation of county jails and provision of medical and mental health services to detainees.

7. Defendant Robert G. Luna, Sheriff of Los Angeles County, is responsible for jail operations and is sued in his official capacity.

8. Defendant Los Angeles County Sheriff's Department (LASD) is responsible for custody and housing of detainees.

9. Defendant Los Angeles County Department of Mental Health (DMH) is responsible for providing psychiatric services to detainees.

10. Defendant Jail Medical Services is responsible for medical and psychiatric treatment within the jail.

3

11. Defendants DOES 1–25 are officials, employees, and contractors responsible for the acts and omissions alleged herein.

IV. FACTUAL ALLEGATIONS

A. Victor's Mental Illness and Incompetency

12. Victor suffers from schizophrenia, a serious mental illness requiring intensive psychiatric care.

13. He has been formally adjudicated incompetent to stand trial under California law.

14. Victor is unable to understand legal proceedings, assist counsel, or advocate for his own medical needs.

B. Current Deterioration and Suicidality

15. On January 15, 2026, a court-appointed psychiatrist testified under oath in state court that:

- Victor is actively delusional;

- Victor expressed suicidal ideation;

- Victor is a danger to himself and others; and

- Victor requires ongoing psychiatric medication and treatment.

16. Despite this testimony, Victor remains confined in the Los Angeles County Jail.

17. Jail-based treatment has failed to stabilize Victor.

18. Family members have observed significant deterioration, incoherence, withdrawal, and inability to communicate.

C. Punitive and Inadequate Conditions of Confinement

19. The Los Angeles County Jail is a punitive, correctional environment, not a psychiatric treatment facility.

20. It is wholly inappropriate for housing:

- suicidal individuals,

- actively psychotic individuals,

- incompetent detainees requiring hospital-level care.

21. Defendants have continued to house Victor in jail despite knowing of his incompetence, psychosis, and suicidality.

22. This confinement constitutes punishment of an incompetent detainee and creates a substantial risk of serious harm.

D. Failure to Transfer to Appropriate Psychiatric Facility

23. Defendants have authority to transfer Victor to a psychiatric hospital but have failed to do so.

24. Instead, Defendants rely on minimal, ineffective jail-based interventions that do not meet constitutional or medical standards.

25. This failure is ongoing.

5

## V. CLAIMS FOR RELIEF

COUNT I

42 U.S.C. § 1983 – Fourteenth Amendment

(Deliberate Indifference to Serious Medical Needs)

26. Defendants are deliberately indifferent to Victor's serious medical and psychiatric needs.

27. Defendants know Victor is:

- incompetent,

- psychotic,

- suicidal,

- deteriorating in jail.

28. Despite this knowledge, Defendants continue to confine him in a jail environment without adequate treatment.

29. This conduct violates Victor's rights under the Fourteenth Amendment.

COUNT II

42 U.S.C. § 1983 – Fourteenth Amendment

(Unconstitutional Punitive Confinement)

30. Pretrial detainees may not be punished.

31. Confining an incompetent, suicidal detainee in jail rather than a hospital is punitive and not reasonably related to any legitimate governmental objective.

6

32. Defendants' conduct violates due process.

COUNT III

Americans with Disabilities Act (Title II)

33. Victor is a qualified individual with a disability.

34. Defendants have failed to reasonably accommodate Victor's disability by confining him in jail rather than providing hospital-level care.

35. Defendants' actions discriminate against Victor on the basis of disability.

COUNT IV

Rehabilitation Act (29 U.S.C. § 794)

36. Defendants receive federal funding.

37. Defendants have denied Victor meaningful access to appropriate medical services by reason of his disability.

VI. DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff seeks the following relief:

A. A declaration that Defendants' ongoing confinement of Victor in jail while incompetent and suicidal violates the Constitution and federal law;

B. A Temporary Restraining Order and Preliminary Injunction ordering Defendants to:

1. Immediately transfer Victor to an appropriate psychiatric hospital;

2. Provide psychiatric stabilization and medication;

3.  Permit an independent psychiatric evaluation;

4.  Prohibit continued jail confinement while Victor remains incompetent and suicidal;

5.  Provide regular reporting to the Court regarding Victor's condition.

C. Such other relief as the Court deems just and proper.

VII. JURY DEMAND

None. Plaintiff seeks equitable relief only.

Respectfully submitted,

/s/ Nicole Fulladosa, In Pro Per

as Next Friend of Victor J. Fulladosa

Date: January 20, 2026

NICOLE FULLADOSA
1424 BERKELEY ST.
SANTA MONICA, CA 90404
310 924.0395

DECLARATION OF NICOLE FULLADOSA

*(In Support of Emergency TRO, Preliminary Injunction, and Rule 17(c) Motion)*

I, Nicole Fulladosa, declare as follows:

1. I am the sister of Victor J. Fulladosa. I submit this declaration based on my personal knowledge, and if called to testify, I could and would competently testify to the facts stated herein.

2. I am over the age of 18 and currently reside in California. I make this declaration in support of this Court's emergency intervention to protect Victor's health and life.

Victor's Mental Illness and Incapacity

3. Victor has long suffered from schizophrenia, a serious mental illness that severely affects his ability to perceive reality, communicate coherently, and care for himself without appropriate treatment.

4. Victor has been adjudicated incompetent to stand trial in state court proceedings. He is unable to understand the nature of legal proceedings, assist counsel, or advocate for his own medical needs.

5. Victor is not capable of making informed decisions about his care, his legal rights, or his safety.

Victor's Current Condition in Jail

6. Victor is currently confined in the Los Angeles County Jail.

9

7. Over the past several months, I have observed a marked and frightening deterioration in Victor's mental condition while he has been housed in jail.

8. When I have seen or communicated with Victor, he has appeared:

   o confused,

   o withdrawn,

   o incoherent,

   o unable to follow conversations,

   o disconnected from reality,

   o and emotionally blunted or distressed.

9. Victor does not appear stabilized by jail-based treatment. He does not appear to understand where he is or why he is there.

10. During recent court proceedings conducted by video, Victor appeared disoriented and unresponsive. When asked to acknowledge family members present, he was unable to do so.

January 15, 2026 Court Proceedings

11. On January 15, 2026, I observed proceedings in which a court-appointed psychiatrist testified regarding Victor's condition.

12. During that testimony, the psychiatrist stated under oath that Victor:

   • is actively delusional,

10

- has expressed suicidal ideation,

- is a danger to himself and others, and

- requires ongoing psychiatric medication.

13. The psychiatrist also testified that when Victor was asked why he was incarcerated, Victor responded that it was "because of his disability," which reflected his impaired understanding and delusional thinking.

14. Despite this testimony, Victor remained housed in jail following the hearing.

Fear for Victor's Safety

15. I am deeply concerned for Victor's immediate safety.

16. Jail is not a therapeutic environment. It is not equipped to provide the level of psychiatric care required for a person who is psychotic and suicidal.

17. I fear that continued confinement in jail places Victor at real risk of serious injury or death, whether through self-harm, medical neglect, or further psychological deterioration.

18. Victor needs hospital-level psychiatric care, including intensive monitoring, stabilization, and treatment in a clinical environment—not continued incarceration.

Next Friend Status

19. Victor is incapable of bringing this action on his own behalf due to his mental illness and incompetence.

20. I have a close familial relationship with Victor and have known him my entire life.

21. I am acting solely in Victor's best interests and have no conflict of interest in seeking this Court's intervention.

22. Without the Court's immediate action, Victor has no meaningful ability to protect himself from ongoing harm.

Request for Relief

23. I respectfully request that this Court order immediate transfer of Victor from jail to an appropriate psychiatric hospital, where he can receive life-saving treatment and stabilization.

24. I further request that the Court grant all relief necessary to protect Victor's constitutional rights, health, and safety.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____January 20____, 2026

At _____Santa Monica_____, California

/s/ Nicole Fulladosa

NICOLE FULLADOSA
1424 BERKELEY ST.
SANTA MONICA, CA 90404
310.924.0315

## DECLARATION OF ARASH YAGHOUBZADEH, ESQ.

*(In Support of Emergency TRO, Preliminary Injunction, and Rule 17(c) Motion)*

I, Arash Yaghoubzadeh, declare as follows:

1. I am a licensed attorney in the State of California. I submit this declaration based on my personal knowledge, observations, and review of proceedings and communications described below. If called to testify, I could and would competently testify to the facts stated herein.

2. I submit this declaration to assist the Court in understanding the procedural posture, medical risk, and ongoing constitutional concerns affecting Victor J. Fulladosa, who is unable to advocate for himself due to severe mental illness and adjudicated incompetence.

Victor's Incompetence and Inability to Self-Advocate

3. Victor J. Fulladosa has been adjudicated incompetent to stand trial in state court proceedings. As a result, he lacks the capacity to understand legal proceedings, make informed decisions regarding his rights, or meaningfully advocate for his own medical care.

4. Because of Victor's incompetence, family members are the only consistent source of real-time observation regarding his condition, deterioration, and safety.

13

Observations of Deterioration and Risk

5. Over the course of recent months, and particularly during January 2026, I have observed a progressive deterioration in Victor's mental state while he has been confined in the Los Angeles County Jail.

6. During court proceedings conducted by video, Victor appeared confused, incoherent, and disengaged. When addressed directly by the court and asked to acknowledge the presence of family members, he was unable to respond appropriately.

7. These observations are consistent with severe psychiatric decompensation and are inconsistent with stabilization.

January 15, 2026 Court Proceedings and Medical Testimony

8. On January 15, 2026, I observed state court proceedings in which a court-appointed psychiatrist testified under oath regarding Victor's condition.

9. The psychiatrist testified that Victor was actively delusional, had expressed suicidal ideation, and posed a danger to himself and others.

10. The psychiatrist further testified that Victor required ongoing psychiatric medication and treatment.

11. When asked why he believed he was incarcerated, Victor reportedly responded that it was "because of his disability," reflecting impaired insight and delusional thinking.

12. Despite this testimony, Victor remained confined in jail following the hearing.

Inadequacy of Jail-Based Care

14

13. Based on my review of the proceedings and my observations, jail-based treatment has failed to stabilize Victor.

14. A county jail is a punitive, correctional environment, not a psychiatric hospital. It lacks the therapeutic structure, staffing, and clinical resources necessary to safely treat an actively psychotic and suicidal individual.

15. Continued confinement in such an environment poses a substantial and immediate risk of serious harm, including self-harm or further psychiatric deterioration.

Procedural Developments and Lack of Effective Relief

16. At the January 15, 2026 hearing, defense counsel indicated that a petition for habeas corpus would be filed, and the Court stated that it would be heard on the same date as the Murphy conservatorship trial currently scheduled for February 18, 2026.

17. As of the date of this declaration, Victor remains incarcerated and has not been transferred to a psychiatric hospital, despite the medical testimony regarding suicidality and danger.

18. The continuation of jail confinement while awaiting future hearings does not address the immediate medical riskidentified by the court-appointed psychiatrist.

Constitutional and Statutory Concerns

19. Confining an adjudicated incompetent, suicidal, and psychotic detainee in jail without hospital-level care raises serious concerns under the Fourteenth Amendment, including deliberate indifference to serious medical needsand punitive confinement of a pretrial detainee.

15

20. Victor is also a qualified individual with a disability under federal law. Continued jail confinement without reasonable accommodation—namely, transfer to an appropriate psychiatric facility—raises concerns under Title II of the Americans with Disabilities Act and the Rehabilitation Act.

21. These concerns are ongoing and prospective. This declaration is not offered to challenge the merits of any state court adjudication, but to document the current conditions of confinement and medical neglect that place Victor at immediate risk.

Need for Immediate Federal Intervention

22. Victor is unable to protect his own interests. Absent immediate federal intervention, he faces a substantial risk of irreparable harm.

23. The relief sought in this action is narrow and medical in nature: transfer to a psychiatric hospital, stabilization, and protection from continued jail confinement while incompetent and suicidal.

24. Based on my observations and the sworn medical testimony described above, delay itself constitutes harm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _January 20, 2026

At _____Santa Monica_____, California

/s/ Arash Yaghoubzadeh